UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

Jeremiah Gilliam,

    *Defendant.*

[Proposed] Protective Order

21 Cr. 18 (JGK)



1/14/2021

    Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendant having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

    **WHEREAS**, the Government will make disclosure to the defendant of documents, objects and information, pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material";

    **WHEREAS**, the Government's disclosure material may include Confidential Information that would (i) affect the privacy interests of third parties; (ii) impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals and; (iii) expose sensitive personal information; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case;

    **WHEREAS**, the entry of a protective order in this case will permit the Government to produce expeditiously disclosure material without further litigation or the need for substantial redactions, and will afford the defense prompt access to such materials, in substantially unredacted form, which will facilitate the preparation of the defense;

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

1. Confidential Information so designated by the Government shall not be disclosed by the defendant or defense counsel, including any successor counsel (collectively, "the defense"), other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. All Confidential Information possessed by the parties shall be maintained in a safe and secure manner.

2. Confidential Information may be disclosed by the defense to:

    (a) The following persons (hereinafter, "Designated Persons"):

    i. The defendant;

    i. investigative, paralegal, secretarial, clerical, and other personnel employed or retained by defense counsel;

    ii. independent expert witnesses, investigators, or advisors retained by defense counsel in connection with this action;

    iii. Potential witnesses for the purposes of defending this action; and

    iv. Such other persons as hereafter may be authorized by the Court.

All Designated Persons to whom Confidential Information is disclosed in accordance with this provision shall be subject to the terms of this Order. To the extent Confidential Information is disclosed to any Designated Persons, defense counsel shall first provide each Designated Person with a copy of this Order and instruct such Designated Persons that they are bound by the terms of this Order. Defense Counsel shall make reasonable efforts to maintain a record of what Confidential Information has been disclosed to Potential Witnesses pursuant to this Order.

3. The Government may designate Disclosure Material as Confidential Information by labeling such Disclosure Material as "Confidential" or otherwise identifying Disclosure Material as "Confidential" in correspondence with defense counsel. If there is a dispute as to the Government's designation of particular discovery as Confidential, the parties shall meet and confer without prejudice to a subsequent application by defense counsel seeking de-designation of such material by the Court. If the defense moves the Court for re-designation of disputed disclosure material, the Government shall respond within seven days of the defense filing, absent further Order of this Court. The Government shall bear the burden of establishing good cause for its designation of the disputed material.

4. The parties shall not post any Confidential Information on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Confidential Information to the media or any other third party, except as set forth herein.

5. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

6. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

7. Except for Confidential Information that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Confidential Information within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in

the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct. If Confidential Information is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

### Retention of Jurisdiction

8. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order until the Court orders otherwise.

AGREED AND CONSENTED TO:

AUDREY STRAUSS

Acting United States Attorney

by:   /s/   Date:   1/14/21
Matthew R. Shahabian
Assistant United States Attorney

/s/Amy Gallicchio   Date:   1/14/21

Amy Gallicchio
Counsel for Jeremiah Gilliam

SO ORDERED:

Dated: New York, New York
January 14, 2021

_____
THE HONORABLE JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE

4