

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 16, 2022

**BY ECF**

The Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Jeremiah Gilliam*, 21 Cr. 18 (JGK)

Dear Judge Koeltl:

      The Government respectfully submits this letter in advance of the March 23, 2022 sentencing of the defendant, Jeremiah Gilliam. For the reasons set forth below, the Government respectfully submits that a sentence within the applicable Guidelines range of 21 to 27 months' imprisonment would be sufficient but not greater than necessary to serve the purposes of sentencing.

### I.  OFFENSE CONDUCT AND RELEVANT CRIMINAL HISTORY

      On December 5, 2020, at approximately 12:51 a.m., the defendant walked in front of the entrance to his apartment building in the Edenwald Houses in the Bronx and fired a handgun in the air multiple times. (Compl. ¶¶ 3-8; PSR ¶¶ 7-9). After New York City Police Department ("NYPD") officers responded to the scene, they recovered two shell casings in the vicinity of where the defendant fired his gun. (Compl. ¶ 6(a); PSR ¶ 9.) The gun was not recovered. Law enforcement officers who were familiar with the defendant identified him as the shooter through surveillance video, which showed him wearing a distinctive white Tyvek suit. (Compl. ¶¶ 4-5, 6(b); PSR ¶ 9).

      The defendant was charged by complaint on December 15, 2020, and arrested on December 16, 2020. (PSR at 1.) He was presented and released on conditions that same day. On January 12, 2021, a grand jury sitting in this District returned a one-count indictment (the "Indictment"), charging the defendant with being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 2.

      This conviction is not the defendant's first firearms offense. In 2015, the defendant was convicted of criminal possession of a weapon in the third degree in Bronx County Supreme Court, for which he was sentenced to 2 to 4 years' imprisonment, in connection with possessing a handgun. (PSR ¶ 35.) The defendant has two other felony convictions, from 2009 and 2006, for

possession of a stolen vehicle and grand larceny: credit card, and for which he was sentenced to 1 to 3 years' imprisonment and 18 months to 3 years' imprisonment, respectively (PSR ¶¶ 30, 34).

## II. GUILTY PLEA AND APPLICABLE GUIDELINES RANGE

On November 23, 2021, the defendant pleaded guilty—without the benefit of a plea agreement—to the sole count of the Indictment.

In the *Pimentel* letter, the Government calculated a base offense level of 14 pursuant to U.S.S.G. § 2K2.1(a)(6)(A), because the defendant was a prohibited person at the time he committed the offense. After a two-level decrease for acceptance of responsibility, the defendant's total offense level is 12. The Government calculated a Criminal History Category of IV, resulting in an applicable Guidelines range of 21 to 27 months' imprisonment (the "Guidelines Range") and a fine range of $5,500 to $55,000. The Probation Department calculated the same total offense level (PSR ¶ 25), Criminal History Category (PSR ¶ 37), and Guidelines Range (PSR at 22.)

## III. DISCUSSION

### A. Applicable Law

The Sentencing Guidelines provide strong guidance to sentencing courts after *United States v. Booker*, 543 U.S. 220 (2005). Because the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall v. United States*, 552 U.S. 38, 46 (2007), district courts must treat the Guidelines as the "starting point and the initial benchmark" in sentencing proceedings. *Id.* at 49.

After making that calculation, the Court must consider the factors outlined in 18 U.S.C. § 3553(a), which provides that a sentencing "court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection," and sets forth seven specific considerations:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established [in the Guidelines];

      (5) any pertinent policy statement [issued by the Sentencing Commission];

      (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

      (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The Second Circuit has recognized that "[i]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006); *see also Kimbrough v. United States*, 552 U.S. 85, 108–09 (2007) ("We have accordingly recognized that, in the ordinary case, the Commission's recommendation of a sentencing range will reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." (quotations omitted)).

**B. The Court Should Impose a Sentence Within the Applicable Guidelines Range**

The defendant's offense conduct, the need to promote respect for the law, and the need to deter future criminal conduct all weigh in favor of a sentence within the applicable Guidelines Range of 21 to 27 months' imprisonment. Such a sentence would be sufficient, but not greater than necessary, to serve the purposes of sentencing.

This conviction is the defendant's ninth criminal conviction, his third felony conviction, and his second firearms-related conviction. Multiple substantial prison terms and periods of supervision have not deterred the defendant from continuing to engage in criminal activity. And, in this case, the defendant not only illegally possessed a firearm, he decided to recklessly fire off rounds in a public setting in a dense, residential neighborhood in the Bronx.

To be sure, as the defense notes, the defendant has been in compliance with his restrictive bail conditions—home incarceration, home detention, and then curfew—since his arrest in this case. Moreover, the defendant's substantial family responsibilities are certainly a relevant Section 3553(a) factor for the Court's consideration.

However, the defense's request for a sentence of time served should be rejected. The defendant served over 28 months in state prison on his previous gun possession conviction, but that did not deter him from recklessly firing a gun in a Bronx neighborhood. A longer sentence, such as a sentence within the Guidelines Range, is necessary to specifically deter the defendant.

In sum, given the nature of the offense conduct here—carrying a loaded firearm and then firing that weapon in public in a residential housing complex—the Government submits that a sentence within the applicable Guidelines Range is appropriate. It would reflect the history and characteristics of this defendant and his criminal record. It would protect the public from future crimes of the defendant by demonstrating the serious consequences of unlawfully possessing and

discharging a firearm. And it would promote respect for the law and provide adequate deterrence by sending a message both the defendant and to would-be firearm offenders that they cannot possess, let alone discharge, firearms.

## IV. CONCLUSION

For the reasons set forth above, the Government respectfully requests that the Court impose a sentence within the applicable Guidelines Range of 21 to 27 months' imprisonment.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney


by: __/s/_____
Matthew R. Shahabian
Assistant United States Attorney
(212) 637-1046


Cc: Amy Gallicchio, Esq. (by ECF)